1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY, | Case No. 1:16-cv-00336-DAD-SMS |
|         Plaintiff, | ORDER TO SHOW CAUSE |
|   v. | Date:      August 24, 2016 |
| TULARE POLICE DEPARTMENT, OFFICER COLEJIO, and DOE 1, | Time:     11 a.m.<br>Location:  Judge Snyder's chambers |
|         Defendants. | |

This action was removed from the Superior Court of Tulare County by the City of Tulare. Doc. 2. The initial scheduling conference was set for June 15, 2016. Doc. 3. On May 9, 2016, Plaintiff filed a motion requesting the Court continue the initial scheduling conference. Doc. 5. Considering Plaintiff's *pro se* status, the Court issued a minute order requesting a telephonic status conference with the parties on May 17, 2016. Doc. 6. A copy of the minute order was mailed to Plaintiff.

On May 17, 2016, only counsel for Defendants, John Lavra, initiated a telephonic status conference call with the Court. Doc. 7. Mr. Lavra informed the Court that he was unable to communicate with Plaintiff despite efforts to contact him by telephone and mail delivered by the United States Postal Service. The Court confirmed that Mr. Lavra attempted to contact Plaintiff at the telephone number and address provided to the Court.

1

On May 25, 2016, the Court issued an order denying Plaintiff's motion for continuance and the scheduling conference remained set for June 15, 2016.  In the same order, Plaintiff was directed to provide the Court with a current and functioning telephone number no later than June 3, 2016.  The Court expressly stated that failure to participate in the June 15, 2016 scheduling conference, which would be conducted telephonically, would result in issuance of an order to show cause why sanctions, including a recommendation to the district judge that the case be dismissed, should not be issued.  Doc. 8.

Plaintiff did not appear telephonically (or in person) for the June 15, 2016 scheduling conference.  Plaintiff also did not provided the Court with a current and functioning telephone number.  Only Mr. Lavra appeared telephonically.  Consequently, the Court issued an order to show cause directing Plaintiff to appear in person before the Court on July 20, 2016 at 3 p.m. in Magistrate Judge Sandra M. Snyder's courtroom, to show why this case should not be dismissed for failure to comply with the Court's prior orders.  Defendants were permitted to appear telephonically.  Doc. 12.

On July 20, 2016, Plaintiff again failed to appear.  Only Mr. Lavra appeared telephonically.  He informed the Court that his law firm received two letters from Plaintiff.  One of the letters appears to request legal counsel.  Under firm policy, such letters from opposing parties are filed, unread.  Without divulging the sender's address, Mr. Lavra noted, however, that the letters appear to be sent from a California state prison.  Mindful of the probability that Plaintiff has not been in compliance with the Court's orders due to his status, the Court will provide Plaintiff with another opportunity to appear and explain his situation as it relates to this case.

Accordingly, the Court ORDERS Plaintiff to appear telephonically on August 24, 2016, at 11 a.m. before Magistrate Judge Sandra M. Snyder, to show cause why this case should not be dismissed for failure to comply with the Court's prior orders.  Defendants are also directed to appear telephonically.  To do so, the parties are directed to dial 1-866-590-5055 and use the passcode 5453256.  Plaintiff is admonished that failure to timely comply with this second order to

show cause will result in a recommendation for dismissal of this action.

The Clerk of Court is DIRECTED to send this order to show cause to Plaintiff, Randy Wesley Langley, at the following address: North Kern State Prison, P.O. Box 567, Delano, CA 93216-0567, CDCR# BA3949.

IT IS SO ORDERED.

Dated:   **July 21, 2016**                      **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE