# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

RANDY LANGLEY,

        Plaintiff,

    v.

TULARE POLICE DEPARTMENT, et al.,

        Defendants.

CASE NO. 1:16-cv-00336-DAD-SKO

**ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND COURT JUDGMENT**

(Doc. 26)

## I.    INTRODUCTION

Plaintiff, Randy Langley, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  On February 5, 2016, Plaintiff, proceeding *pro se*, filed a complaint in the Superior Court of California, County of Tulare, against Defendants "Tulare Police Department," "Officer Colejio," and "Doe 1," alleging causes of action for "[g]eneral [n]egligence," "[i]ntentional [t]ort," "false imprisonment, battery, cruel and unusual punishment, wrongful prosecution, conviction, violation of civil rights, [and] police misconduct/brutality" arising out of his arrest by Defendants.  (Doc. 2, Ex. 1 at 7–11.)  Plaintiff seeks compensatory damages and punitive damages in the amount of $100 million.  (*Id.* at 9.)

Defendant City of Tulare (erroneously named as Tulare Police Department) removed the action to this Court on March 10, 2016.  (Doc. 2.)  On October 31, 2016, Plaintiff filed a "Request for Entry of Default (Application to Enter Default)" requesting that default judgment and a court judgment be entered against Defendants in favor of Plaintiff in the amount of $1,968,000.00.  (Doc. 26.)  Defendant City of Tulare filed its response in opposition on November 3, 2016.  (Doc. 27.)  On November 4, 2016, Plaintiff filed a document titled "Evidence in support of summary judgement" [sic], to which photos, correspondence, and citizen complaint documents are attached.

1  (Doc. 28.)

2       For the reasons set forth below, Plaintiff's "Request for Entry of Default (Application to

3  Enter Default)" (Doc. 26) shall be DENIED.

4  **II.      DISCUSSION**

5  **A.      Plaintiff is Not Entitled to Entry of Default Judgment.**

6       Plaintiff's request for default judgment and a court judgment was submitted on a pre-

7  printed form titled "Request for Entry of Default (Application on to Enter Default)" – a standard

8  Judicial Council of California form used in state court.  (*See* Doc. 26.)  Under Rule 55(a) of the

9  Federal Rules of Civil Procedure, the Clerk of Court must enter a default "[w]hen a party against

10 whom judgment for affirmative relief is sought has failed to plead or otherwise defend."  Rule

11 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the

12 Clerk of the Court.

13      Plaintiff is not entitled to entry of default against Defendant Officer Colejio because

14 Plaintiff has not demonstrated that Defendant Officer Colejio has "received—through service or

15 otherwise—a copy of the initial pleading stating the claim for relief" or was "served with the

16 summons for an initial pleading on file at the time of service," thereby triggering Defendant

17 Officer Colejio's legal obligation to respond to Plaintiff's complaint.  Fed. R. Civ. P. 81(c)(2)(A),

18 (B); Fed. R. Civ. P. 55(a).  Absent service, the Court has no jurisdiction over a defendant.  *Action

19 Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1177 (9th Cir. 2004); *see also

20 Martinez v. Delio*, No. 1:11–cv–01088–LJO–MJS (PC), 2013 WL 244708, at *1 (E.D. Cal. Jan.

21 22, 2013); *Harry and David v. J & P Acquisition, Inc.*, 865 F. Supp. 2d 494, 500 (D. Del. 2011)

22 (absent proper service a defendant is not legally called to answer and entry of default is void).

23 Accordingly, Plaintiff's request for entry of default against Defendant Colejio shall be DENIED.[1]

24 Plaintiff's request for entry of default is therefore premature.  Until and unless Defendant is in

25 default, Plaintiff may not seek entry of default against Defendant Colejio or judgment thereon.

26 //

27

28 [1] Plaintiff's request for entry of default is premature.  Until and unless Defendant Colejio is in default, Plaintiff may not seek entry of default against Defendant Colejio or judgment thereon.

2

With respect to remaining Defendant City of Tulare, entry of default is not appropriate because there has been no showing that Defendant City of Tulare "has failed to plead or otherwise defend" this action. Fed. R. Civ. P. 55(a). To the contrary, Defendant City of Tulare timely filed an answer to the complaint in state court on March 8, 2016, and mailed a copy that same day to Plaintiff. (*See* Doc. 2, Ex. 1 at 25–33.) Therefore, Plaintiff's request for entry of default shall be DENIED. *See Langston v. Swarthout*, No. 2:12–cv–01633 JFM (HC), 2013 WL 5423440, at *8 (E.D. Cal. Sept. 26, 2013); *Mitchell v. Gilbert*, No. C09–5080–BHS, 2010 WL 1186192, at *1 (W.D. Wash. Mar. 23, 2010) (denying motion for default "because all defendants filed an answer within 60 days of accepting service by mail," and "[t]herefore, no defendant was in default."); *see also Brinkley v. Skjonsberg*, 60 F.3d 832 (9th Cir. 1995) (unpublished) (affirming the district court's denial of motion for default judgment against a defendant where the defendant filed an answer).

**B.     To the Extent Plaintiff's Request Seeks Summary Judgment, It is Deficient.**

Attached to Plaintiff's "Request for Entry of Default (Application on to Enter Default)" is a typewritten letter addressed to the Clerk of Court, in which Plaintiff writes:

> September 22, 2016 an AdmissionRequest [sic] was served on counsel for defendants, Jose Colegio [sic] and Tulare Police Department. A copy was also filed with the United States Courts, Eastern District of California received and dated 09/26/2016.
>
> Counsel for the defendants acknowledges receipt, and dates receipt as 09/26/2016. Counsels failure to respond to Admissions Request demonstrates [they're] conceding my allegations are true and correct. Counsels [sic] claim of "No Proof of Service" does not solidify actions in "Failure" to contest the admissions of fact. Enclosed is letter from counsel acknowledging receipt.
>
> Counsel's failure to respond, contests allegations supports my claims, and therefore there is no need for trial as there is no dispute in fact making summary of judgement appropriate.

(Doc. 26 at 3.) It thus appears that Plaintiff contends that because Defendants allegedly failed to respond to Plaintiff's requests for admissions, the matters therein are deemed admitted and "conclusively established" under Rule 36(a)(3) and (b) of the Federal Rules of Civil Procedure

3

1    and, in the absence of any disputed issues of material fact, summary judgment is appropriate.

2         To the extent that Plaintiff is requesting summary judgment on this basis, his request, in its

3    current form, cannot be granted because it does not comply with Rule 56 of the Federal Rules of

4    Civil Procedure and Local Rule 260 of the United States District Court, Eastern District of

5    California.  Rule 56(c)(1)(A) requires that "[a] party asserting that a fact cannot be or is genuinely

6    disputed must support the assertion . . . by citing to particular parts of materials in the record,

7    including depositions, documents, electronically stored information, affidavits or declarations,

8    stipulations (including those made for purposes of the motion only), admissions, interrogatory

9    answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  In addition, pursuant to Local Rule

10   260(a), each motion for summary judgment

> shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact.  The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers.  *See* L.R. 133(j).

16   L.R. 260(a).[2]  Neither Plaintiff's request (Doc. 26), nor his "Evidence in support of summary

17   judgement" (Doc. 27), complies with these requirements.  Plaintiff does not "cit[e] to particular

18   parts of the materials" attached to his "Evidence in support of summary judgement," nor does

19   Plaintiff submit a "Statement of Undisputed Facts" in support of his request.  Accordingly, to the

20   extent Plaintiff is seeking summary judgment, his request is deficient.[3]

### III.    CONCLUSION

22        For the foregoing reasons, Plaintiff Randy Langley's "Request for Entry of Default

23   (Application to Enter Default)" (Doc. 26) is DENIED.

25   IT IS SO ORDERED.

---

[2] Rule 183(a) provides in part: "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on 'counsel' by these Rules apply to individuals appearing *in propria persona*."  L.R. 183(a).

[3] This Order is without prejudice to Plaintiff's ability to file a motion for summary judgment that complies with Rule 56 and Local Rule 260, subject to the deadlines and the meet-and-confer requirements set forth in the Court's Scheduling Order.  (*See* Doc. 23 at 6–7.)

Dated:   **February 15, 2017**                        /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE