UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>Plaintiff,<br><br>v.<br><br>TULARE POLICE DEPARTMENT, et al.,<br><br>Defendants. | No. 1:16-cv-00336-DAD-SKO<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 41) |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.[1] (Doc. No. 41.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

---

[1] Plaintiff also indicates that he has requested leave to proceed *in forma pauperis* in this action. (Doc. No. 41 at 1.) However, the docket in this case does not reflect an application to proceed *in forma pauperis* filed by plaintiff to date. In any event, plaintiff paid the civil case filing fee in the amount of $400.00 on March 10, 2016.

1

light of the complexity of the legal issues involved.  *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Given that the discovery deadline in this action is December 1, 2017, dispositive motions are not due until March 2, 2018, and a pre-trial conference has been scheduled for June 16, 2018, the court cannot adequately assess the complexity of plaintiff's case at this time in order to determine whether exceptional circumstances exist which would justify seeking counsel willing to represent plaintiff in this action on a *pro bono* basis.

Accordingly, plaintiff's motion to appoint counsel (Doc. No. 41) is denied at this time without prejudice to its renewal at a later stage of this litigation.

IT IS SO ORDERED.

Dated:  **April 19, 2017**

UNITED STATES DISTRICT JUDGE