# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>           Plaintiff,<br><br>      v.<br><br>TULARE POLICE DEPARTMENT, et al.,<br><br>           Defendants. | CASE NO. 1:16-cv-00336-DAD-SKO<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**<br><br>(Doc. 46) |

Plaintiff, Randy Langley, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). On February 5, 2016, Plaintiff, proceeding *pro se*, filed a complaint in the Superior Court of California, County of Tulare, against Defendants "Tulare Police Department," "Officer Colejio" [sic] and "Doe 1," alleging causes of action for "[g]eneral [n]egligence," "[i]ntentional [t]ort," "false imprisonment, battery, cruel and unusual punishment, wrongful prosecution, conviction, violation of civil rights, [and] police misconduct/brutality" arising out of his arrest by Defendants. (Doc. 2, Ex. 1 at 7–11.) Plaintiff seeks compensatory damages and punitive damages in the amount of $100 million. (*Id.* at 9.) Defendant City of Tulare (erroneously named as Tulare Police Department) removed the action to this Court on March 10, 2016. (Doc. 2.)

On June 5, 2017, Plaintiff filed a "Declaration for Entry of Default" (the "Declaration"), which appears to request entry of default against Defendant Officer Jose Colegio. (Doc. 46.) Plaintiff asserts in the Declaration that Defendant Colegio was served "by legal processor, U.S. Mail with a copy of summons and a copy of plaintiffs [sic] complaint on the day 28 of February 2017." (Doc. 46 at 1.) Attached to Plaintiff's Declaration is a "Proof of Service by Mail,"

1  indicating that Plaintiff mailed the complaint, as well as some discovery documents, to Defendant
2  Colegio by mail on February 28, 2017.  (Doc. 46 at 7.)

3        Plaintiff did not properly serve Defendant Colegio with a summons and a copy of the complaint.  First, there is no indication that Defendant Colegio was ever served with a summons, as required by Federal Rule of Civil Procedure 4(c)(1).  In addition, although Plaintiff represents that Defendant Colegio was served "by legal processor," the proof of service attached to the Declaration shows that *Plaintiff* personally served Defendant Colegio with the complaint.  (*See* Doc. 46 at 7.)  A party cannot effectuate personal service of process under Rule 4.  *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint") (emphasis added).  Accordingly, service of process was not proper, and Plaintiff's "Declaration for Entry of Default" requesting entry of default against Defendant Officer Jose Colegio (Doc. 46) is DENIED.

IT IS SO ORDERED.

Dated:   **July 20, 2017**                             /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE