# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>TULARE POLICE DEPARTMENT and OFFICER COLEJIO,<br><br>    Defendants.<br>                                          / | **Case No. 1:16-cv-0336-DAD-SKO**<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br>**(Doc. 47)**<br><br>**ORDER VACATING SCHEDULING ORDER PENDING SCREENING OF THE COMPLAINT**<br>**(Doc. 23)** |

Plaintiff, Randy Langley, is a prisoner in the custody of the California Department of Corrections and Rehabilitation and is housed at the Sierra Conservation Center. On February 5, 2016, Plaintiff, proceeding *pro se*, filed a Complaint in the Superior Court of California, County of Tulare, against Defendants "Tulare Police Department," "Officer Colejio," and "Doe 1," alleging causes of action for "[g]eneral [n]egligence," "[i]ntentional [t]ort," "false imprisonment, battery, cruel and unusual punishment, wrongful prosecution, conviction, violation of civil rights, [and] police misconduct/brutality" arising out of his arrest by Defendants. (Doc. 2, Ex. 1 at 7–11.) Plaintiff seeks compensatory damages and punitive damages in the amount of $100 million. (*Id.* at 9.)

Defendant City of Tulare (erroneously named as Tulare Police Department) filed their answer in state court and, on March 10, 2016, removed the action to this Court. (Doc. 2.) On July 20, 2017, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 47.) Plaintiff has made the showing required § 1915(a) and accordingly, the request to proceed *in forma pauperis* will be granted.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A complaint, or portion thereof must be dismissed if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). This case was removed to this Court by Defendant City of Tulare[1] such that Plaintiff only recently filed his application to proceed *in forma pauperis* and none of Plaintiff's claims have been screened. However, a scheduling order has issued under which the parties are presumably engaging in discovery. (*See* Doc. 23.)

At a mere glance, it is apparent to the Court that not all of the claims Plaintiff asserts in the Complaint are cognizable. It would be a waste of limited judicial resources, as well as both time and effort by the parties, for this case to proceed without screening. As such, it is reasonable to vacate the dates set in the scheduling order, including deadlines for discovery, until the Complaint has been screened and cognizable claims have been found on which Plaintiff may proceed. *See, e.g., Marshall v. Stanton*, No. CIV S-04-1694 LKK PAN P, 2006 WL 2382271, at *3 (E.D. Cal. Aug. 17, 2006).

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 47) is GRANTED;
2. The dates set forth in the scheduling order entered September 8, 2016 (Doc. 23), are VACATED and will be reset, as appropriate, in a revised scheduling order to be issued following the screening by the Court of the Complaint; and

//
//
//
//

---

[1] As the Court has previously noted, *see* Docs. 40 & 48, there is no indication that Defendant Officer Colejio has properly "received—through service or otherwise—a copy of the initial pleading stating the claim for relief" or was "served with the summons for an initial pleading on file at the time of service," thereby triggering Defendant Officer Colejio's legal obligation to respond to Plaintiff's complaint under Fed. R. Civ. P. 81(c)(2)(A).

3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's *in forma pauperis* application on the Warden of Sierra Conservation Center, via the Court's electronic case filing system (CM/ECF).

IT IS SO ORDERED.

Dated: **August 3, 2017**　　　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE