# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY, | **Case No. 1:16-cv-0336-DAD-SKO** |
| Plaintiff, | **ORDER DENYING "MOTION FOR COMMENCING AN ACTION, SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS"** |
| v. | |
| TULARE POLICE DEPARTMENT and OFFICER COLEJIO, | **(Doc. 50)** |
| Defendants. | **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT** |
| | **(Docs. 54)** |
| | **ORDER DENYING MOTION FOR DISCOVERY WITHOUT PREJUDICE** |
| | **(Doc. 53)** |
| | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| | **30 DAY DEADLINE** |

## I. BACKGROUND

Plaintiff, Randy Langley, is a prisoner in the custody of the California Department of Corrections and Rehabilitation and is housed at the Sierra Conservation Center. On February 5, 2016, Plaintiff, proceeding *pro se*, filed a civil rights complaint in the Superior Court of California, County of Tulare, against Defendants "Tulare Police Department," "Officer Colejio," and "Doe 1," alleging causes of action for "[g]eneral [n]egligence," "[i]ntentional [t]ort," "false imprisonment, battery, cruel and unusual punishment, wrongful prosecution, conviction, violation

of civil rights, [and] police misconduct/brutality" arising out of his arrest by Defendants. (Doc. 2, Ex. 1 at 7–11.) Plaintiff seeks compensatory damages and punitive damages in the amount of $100 million. (*Id.* at 9.)

Defendant City of Tulare (erroneously named as "Tulare Police Department") filed its answer in state court and, on March 10, 2016, removed the action to this Court. (Doc. 2.) On July 20, 2017, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on August 4, 2017. (Doc. 49.) The Court then vacated the dates set in the Court's scheduling order until the Complaint had been screened and cognizable claims had been found on which Plaintiff may proceed. (*See id.*)

Plaintiff's Complaint is now before the Court for screening. Plaintiff has also filed a "Motion for Commencing an Action, Service of Process, Pleadings, Motions, and Orders" (Doc. 50), a "Motion for Discovery" (Doc. 53), and another motion to proceed *in forma pauperis* (Doc. 54).

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Persons proceeding pro se are entitled to have their pleadings liberally construed and to

have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### III. DISCUSSION

**A. Plaintiff's "Motion for Commencing an Action, Service of Process, Pleadings, Motions, and Orders," "Motion for Discovery," and motion to proceed *in forma pauperis***

Plaintiff's "Motion for Commencing an Action, Service of Process, Pleadings, Motions, and Orders" requests that the Court serve Officer Jose Colegio (erroneously named "Officer Colejio") the summons and a copy of the complaint in this action. (Doc. 50 at 2.) Such a request is premature and will be denied. If the Court ultimately finds that Plaintiff has stated cognizable claims on which he may proceed against Defendant Jose Colegio, the Court will order service on that individual.

Plaintiff's "Motion for Discovery" (Doc. 53) is similarly premature and will be denied without prejudice.[1] The Court's August 4, 2017, vacated all scheduling deadlines, including deadlines for discovery, until the Complaint had been screened. If the Court ultimately finds that Plaintiff has stated cognizable claims on which he may proceed, the parties may undertake discovery relevant to those claim(s).

Lastly, Plaintiff's motion to proceed *in forma pauperis* filed August 11, 2017 (Doc. 54), will be denied as moot, as the Court previously granted Plaintiff's Application to Proceed in Forma Pauperis on August 3, 2017. (Doc. 49).

---

[1] The Court notes that Plaintiff's "Motion for Discovery" fails to comply with the scheduling order, which provides that "no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge," and requires that a party with a discovery dispute "must first confer must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute." (Doc. 23 at 5–6.) If that good faith effort is unsuccessful, "the moving party shall then seek a prompt hearing with the assigned Magistrate Judge by telephone or in person," and, if the Magistrate Judge decides that a formal motion is needed to satisfactorily resolve the discovery dispute, "such papers shall be filed in conformity with Rule 7." (*Id.* at 6.)

**B.    Plaintiff's Allegations**

Plaintiff alleges that on March 25, 2015, Plaintiff was stopped by Officer Colegio of the Tulare Police Department, who "asked" to speak with him with "no warrant, no suspect" [sic] and without informing him of the reason for his detention. (Doc. 2-1 at 10, 11.) Plaintiff alleges that when he attempted to leave, Officer Colegio grabbed Plaintiff's arm and attempted a "leg sweep." (*Id.*) Plaintiff contends that when he asked Officer Colegio "what's going on?," Officer Colegio pulled his police-issued Taser and pointed it at Plaintiff. (*Id.*) According to Plaintiff, Plaintiff then put his hands on top of his head with his legs spread, whereupon Officer Colegio fired his Taser at Plaintiff, striking him in the face and lower abdomen. (*Id.*) Plaintiff alleges that he had no warrants, was not a suspect, and was not wanted by any law enforcement agency at the time of the incident. (*Id.*)

**C.    Plaintiff's Claims for Excessive Force, False Imprisonment, and "Wrongful Prosecution/Conviction" May Be Barred By *Heck v. Humphrey*.**

The gravamen of Plaintiff's Complaint is that Officer Colegio used excessive force during the course of Plaintiff's arrest in violation of 42 U.S.C. § 1983. (*See id.* at 10.) Plaintiff also apparently claims that Officer Colegio's use of excessive force led to Plaintiff being falsely arrested and wrongfully prosecuted and convicted in violation of § 1983. (*See id.*)

**1.    Fourth Amendment–Excessive Force**

The use of excessive force by law enforcement officers in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986). Excessive force claims that arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394–95 (1989). The reasonableness inquiry in excessive force cases is an objective one, the question being whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation, and without the "20/20 vision of hindsight." *See id.* at 396–97.

Plaintiff may be able to state a cognizable claim against Officer Colegio for shooting him with a Taser. However, as discussed more fully below, the Court cannot determine whether this

4

claim is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). Plaintiff will be given an opportunity to amend his claim.

### 2. Fourth Amendment–False Imprisonment and "Wrongful Prosecution"

A claim for false arrest and imprisonment can be the basis for compensatory relief under 42 U.S.C. § 1983 as a Fourth Amendment violation, when the arrest is alleged to have been made without probable cause or justification. *Dubner v. City and County of San Francisco,* 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest, however, a plaintiff must allege facts to support a lack of probable cause for his arrest. *See Cabrera v. City of Huntingdon Park,* 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach,* 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground,* 943 F.2d 1132, 1135 (9th Cir. 1991).

To prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). *See also Usher v. City of L.A.*, 828 F.2d 556, 562 (9th Cir. 1987) (a malicious prosecution claim is not generally cognizable federally if the state judicial system provides a remedy, but "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights"). In addition, the plaintiff must establish that the prior proceedings terminated in such a manner as to indicate his innocence. *Awabdy*, 368 F. 3d at 1068 (emphasis added).

Here, Plaintiff has failed to allege facts to support a lack of probable cause for his arrest and "wrongful prosecution"; the mere fact that he "had no warrants, was not a suspect, or want[ed] by any law enforcement agency" is not sufficient. Even if Plaintiff had alleged sufficient facts to state a claim, however, these claims are likely barred under *Heck*.

### 3. *Heck* Bar

While the record does not contain enough information for the Court to make a conclusive

determination, it is likely that Plaintiff's § 1983 claims are barred by *Heck*. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). To recover damages under § 1983 for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. A claim for damages challenging a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487. When a state prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

*Heck* generally bars claims challenging the validity of an arrest, prosecution or conviction. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). It also bars claims which "necessarily imply" the invalidity of a conviction. *See, e.g., Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir.2002) (prisoner's Sixth Amendment claim of denial of access to counsel while a pretrial detainee barred by *Heck* because claim would necessarily imply invalidity of subsequent conviction).

A claim for use of excessive force during the course of an arrest may not necessarily imply the invalidity of the arrest or conviction and therefore may not be barred by *Heck*. *See Cabrera*, 159 F.3d at 380; *Smithart*, 79 F.3d at 952–53; *compare Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001) (when a civil rights complaint, brought by a person convicted of resisting arrest,

alleges facts indicating that the officer used excessive force after the arrest, the complaint is not barred by *Heck*), *with Cunningham v. Gates*, 312 F.3d 1148, 1153–55 (9th Cir. 2003) (where the plaintiff was convicted of felony murder for provoking police gunfire that killed his associate, plaintiff's claim that the police either started firing first or deliberately created a dangerous situation that provoked the plaintiff into firing necessarily implied the invalidity of the conviction).

Based on Plaintiff's current address at the Sierra Conservation Center, it appears Plaintiff is currently in state custody following conviction for a crime. Plaintiff's claims therefore may be barred by *Heck*. However, the Court cannot determine from the current allegations whether the claims are *Heck*-barred. In other words, the Court cannot determine whether or not Plaintiff was convicted for a crime arising out of the same facts alleged in this action. Accordingly, an opportunity to amend will be granted. Any such amendment must include not only the factual grounds for Plaintiff's claims, but also whether Plaintiff was convicted for a crime related to the events in this action and, if so, whether any such conviction has been overturned or invalidated.

**D.  Plaintiff Cannot State a § 1983 Claim for Cruel and Unusual Punishment.**

The Eighth Amendment's prohibition against cruel and unusual punishment does not apply until after conviction and sentence. *Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1042 (9th Cir. 1996.) Plaintiff's § 1983 Eighth Amendment claim alleging cruel and unusual punishment during his arrest therefore fails as a matter of law.

**E.  Plaintiff's Allegations are Insufficient to State a Claim for Relief Against the City of Tulare.**

Plaintiff names the City of Tulare (erroneously named as "Tulare Police Department") as a defendant. There is no *respondeat superior* liability under § 1983, *i.e.* no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim would not be stated against the City of Tulare merely because that entity employed the alleged wrongdoer, as Plaintiff appears to plead.

Local governments, such as the City of Tulare, are "persons" subject to liability under 42

U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. Cty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636–68.

Leave to amend is granted so that Plaintiff may attempt to allege a *Monell* claim against the City of Tulare that is not barred by *Heck*, above. Plaintiff must be careful to allege the specific policy, custom or practices that he contends give rise to liability.

### IV. CONCLUSION AND ORDER

At this juncture, the Court cannot determine whether Plaintiff's Complaint states a cognizable § 1983 claim. As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ .P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey*

8

*v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's "Motion for Commencing an Action, Service of Process, Pleadings, Motions, and Orders" (Doc. 50) is DENIED;

2. Plaintiff's "Motion for Discovery" (Doc. 53) is DENIED without prejudice;

3. Plaintiff's motion to proceed *in forma pauperis* (Doc. 54) is DENIED as moot;

4. Plaintiff's Complaint is dismissed for failure to state a cognizable federal claim;

5. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

6. **If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated: **September 19, 2017**     /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE