# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br>        Plaintiff,<br>v.<br>TULARE POLICE DEPARTMENT and JOSE COLEGIO,<br>        Defendants.    / | Case No. 1:16-cv-0336-DAD-SKO<br><br>**ORDER DENYING DEFENDANT CITY OF TULARE'S MOTION TO DISMISS AS MOOT AND REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EXCESSIVE FORCE AND UNREASONABLE SEARCH AND SEIZURE CLAIMS AGAINST JOSE COLEGIO**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**(Doc. 58)** |

## I.     BACKGROUND

Plaintiff, Randy Langley, is a prisoner in the custody of the California Department of Corrections and Rehabilitation and is housed at the Sierra Conservation Center. On February 5, 2016, Plaintiff, proceeding *pro se*, filed a civil rights complaint in the Superior Court of California, County of Tulare, against Defendants "Tulare Police Department," "Officer Colejio," and "Doe 1." (Doc. 2, Ex. 1 at 7–11.) Defendant City of Tulare (erroneously named as "Tulare Police Department") filed its answer in state court and, on March 10, 2016, removed the action to this Court. (Doc. 2.) On July 20, 2017, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on August 4, 2017. (Doc. 49.) The Court then vacated the dates set in the Court's scheduling order until the Complaint had been screened and cognizable claims had been found on which Plaintiff may proceed. (*See id.*)

On September 19, 2017, the undersigned found that Plaintiff's Complaint failed to state a cognizable federal claim. (Doc. 56.) Plaintiff was provided with the applicable legal standards so that he could determine if he would like to pursue his case, and was granted thirty (30) days leave to file an amended complaint curing the pleading deficiencies identified in the order. (*Id.*) On October 20, 2017, Plaintiff filed a First Amended Complaint against "Jose Colegio" and "Tulare Police Department" (collectively "Defendants"). (Doc. 57 ("First Am. Compl.").) On November 3, 2017, Defendant City of Tulare filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. 12(b)(6). (Doc. 58.)

Plaintiff's First Amended Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's First Amended Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

### III. DISCUSSION

#### A. Summary of the First Amended Complaint

Plaintiff is currently in state custody at Sierra Conservation Center. Plaintiff complains of acts that occurred prior to being in custody, which Plaintiff avers are "unrelated to the present charges convictions" for which he is presently incarcerated. (First Am. Compl. at 8.) Plaintiff names Jose Colegio and City of Tulare (erroneously named as "Tulare Police Department") as defendants in this action and seeks monetary damages and that a "restraining order be put in place protecting him and his family from future harassment from Tulare Police Department officers." (*Id.* at 5.)

Plaintiff alleges that on March 25, 2015, Plaintiff was stopped by Defendant Jose Colegio, an officer with the Tulare Police Department, who "asked" to speak with him with "no warrant, no suspect" [sic] "under the pretense of consensual conversation" and without informing him of the reason for his detention. (First Am. Compl. at 7, 8.) According to Plaintiff, Defendant Colegio "had no prior contact with Plaintiff nor knowledge of Plaintiff['s] status of PCRST probation/parole," and informed Plaintiff he "was not being detained nor under arrest." (*Id.* at 7.) Plaintiff alleges that when he attempted to leave, Defendant Colegio grabbed Plaintiff's arm and attempted a "leg sweep." (*Id.* at 8.) Plaintiff contends that when he asked Defendant Colegio "what's going on?," Defendant Colegio pulled his police-issued taser and pointed it at Plaintiff. (*Id.*) According to Plaintiff, he then put his hands on top of his head with his legs spread and was in a "non-combative, visual pat down stance," whereupon Defendant Colegio fired his taser at Plaintiff, striking him in the face and lower abdomen. (*Id.* at 7, 8.) Plaintiff alleges that he had no warrants, was not a suspect, and was not wanted by any law enforcement agency at the time of the incident. (*Id.*)

Plaintiff alleges that Defendant City of Tulare "failed to hold [Defendant Colegio] accountable" and "failed to train [Defendant Colegio] in proper administration of law enforcement techniques and protection of its citizens." (First Am. Compl. at 2.) Plaintiff alleges further that

3

Defendant City of Tulare "is responsible for the deprivation of Plaintiff's rights" because it "failed to adequately train [Defendant Colegio]" and for "maintaining unconstitutional customs, practices, or policies." (*Id.* at 3.)

Plaintiff's allegations state cognizable claims for excessive force and unreasonable search and seizure in violation of the Fourth Amendment against Defendant Jose Colegio, on which he should be allowed to proceed. However, for the reasons discussed in detail below, Plaintiff fails to state any other cognizable claims. He is provided the applicable legal standards for his stated claims and an opportunity to file an amended complaint to attempt to cure the defects in his pleading. Thus, Plaintiff may choose to proceed on his excessive force and unreasonable search and seizure claims against Defendant Colegio, or he may attempt to cure the defects in his pleading by filing a second amended complaint.

**B.      Pleading Requirements**

      **1.      Federal Rule of Civil Procedure 8(a)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.

Persons proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of*

4

*Regents*, 673 F.2d 266, 268 (9th Cir. 1982)), and courts are not required to indulge unwarranted inferences, *Doe I*, 572 F.3d at 681. To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

If he chooses to file a second amended complaint, Plaintiff should make it as concise as possible. Plaintiff should state which of his constitutional rights he believes were violated by each Defendant and the facts that support each contention. Plaintiff need not and should not cite legal authority for his claims in a second amended complaint. If Plaintiff files a second amended complaint, his factual allegations will be screened under the legal standards and authorities set forth in this order.

**2. Exhibits**

Plaintiff's First Amended Complaint is comprised of approximately five pages of factual allegations followed by twenty pages of exhibits.

The Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). If Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced. Fed. R. Civ. P. 10(c). For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit referenced. If the exhibit consists of more than one page, Plaintiff must also reference the specific page of the exhibit (*i.e.* "See Exhibit A, page 3").

Plaintiff may not merely refer to attached exhibits and expect the Court to ferret out the factual allegations he relies on to state a claim. At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Plaintiff is reminded that, for screening purposes, the Court must assume that Plaintiff's factual allegations are true. It

is unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint.

**C.     Plaintiff's Claims**

    **1.     Fourth Amendment—Excessive Force**

Claims asserting officers used excessive force during the course of an investigatory stop, or other seizure are analyzed under the Fourth Amendment's prohibition against unreasonable seizures. *Graham v. Connor*, 490 U.S. 386, 394 (1989). To prevail on a § 1983 excessive force claim, a plaintiff must show that the officer's actions were objectively unreasonable under the circumstances. *Id.* at 388. Officers may only use such force as is objectively reasonable under the circumstances. *Id.* at 397; *see also Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

In assessing reasonableness, the court should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Blanford v. Sacramento Cty.*, 406 F.3d 1110, 1115 (9th Cir. 2005) (citation omitted). "A police officer may not seize an unarmed, nondangerous suspect by shooting him dead," but if "there is probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

Plaintiff alleges that, after he put his hands on top of his head and spread his feet apart in a "non-combative" response to Defendant Colegio pointing a taser at him when Plaintiff attempted to leave, Defendant Colegio fired his taser at Plaintiff, striking him in the face and lower abdomen. The deployment of a taser during an arrest, investigatory stop, or other seizure may be unreasonable and constitute excessive force under certain circumstances. *See Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010). Liberally construed, Plaintiff's allegations are sufficient to state a cognizable excessive force claim against Defendant Colegio under the Fourth Amendment.

//

### 2. **Fourth Amendment—Unreasonable Search and Seizure**

Plaintiff alleges that Officer Colegio was informed by police dispatch that Plaintiff "was not wanted or a person of interest" yet "obstructed [Plaintiff's] path" and "delay[ed] him" without "suspicion" or probable cause. (First Am. Compl. at 4, 6–7.) There are no facts regarding Officer Colegio placing Plaintiff under arrest, as it appears Officer Colegio only detained Plaintiff for purposes of an "investigatory stop." Thus, the Court will analyze Plaintiff's claim for "false imprisonment" under investigatory stop jurisprudence.[1]

Law enforcement officers may initiate an investigatory stop of a citizen if they have reasonable suspicion that a person is engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). The reasonable suspicion standard "'is a less demanding standard than probable cause,' and merely requires 'a minimal level of objective justification.'" *Gallegos v. City of Los Angeles*, 308 F.3d 987, 990 (9th Cir. 2002) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)). To constitute reasonable suspicion, the officer's belief that "criminal activity is afoot" must be supported by "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *Id.* at 21, 30; *see also Navarette v. California*, 134 S. Ct. 1683, 1687 (2014) (an officer must have "a particularized and objective basis for suspecting the particular person stopped of criminal activity").

In this case, Plaintiff alleges that he was not a suspect or a threat and had no warrants at the time Officer Colegio stopped him. Construing Plaintiff's complaint liberally and affording Plaintiff the benefit of any doubt (*see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)), Plaintiff's allegations state a cognizable claim against Officer Colegio for unreasonable search and seizure in violation of the Fourth Amendment.

### 3. **"Wrongful Prosecution"**

Plaintiff alleges the alleged excessive force and unreasonable search and seizure "subjected [him] to wrongful prosecution." (First Am. Comp. at 6.) To the extent Plaintiff, by this lone allegation, attempts to state a malicious prosecution claim under § 1983, such claim is not

---

[1] To the extent Plaintiff believes he was arrested, he shall state facts supporting the conclusion that the investigatory stop was transformed into an arrest in a second amended complaint, if he elects to amend his First Amended Complaint.

cognizable as currently pleaded. To prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). *See also Usher v. City of L.A.*, 828 F.2d 556, 562 (9th Cir. 1987) (a malicious prosecution claim is not generally cognizable federally if the state judicial system provides a remedy, but "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights"). In addition, the plaintiff must establish that the prior proceedings terminated in such a manner as to indicate his innocence. *Awabdy*, 368 F. 3d at 1068 (emphasis added).

Here, Plaintiff's First Amended Complaint fails to allege facts establishing that he was prosecuted in any forum, much less that such prosecution was initiated with malice and without probable cause, or was resolved in Plaintiff's favor. Thus, Plaintiff fails to state a claim for malicious prosecution under § 1983.

**4.  Eighth Amendment—Cruel and Unusual Punishment**

The Eighth Amendment's prohibition against cruel and unusual punishment does not apply until after conviction and sentence. *Pierce v. Multnomah Cty., Oregon*, 76 F.3d 1032, 1042 (9th Cir. 1996.) As the Court stated in its prior screening order, Plaintiff's § 1983 Eighth Amendment claim alleging cruel and unusual punishment during his arrest therefore fails as a matter of law.

**5.  Fourteenth Amendment**

To the extent Plaintiff bases his excessive force claim upon an alleged deprivation of his Fourteenth Amendment right to substantive due process, *see* First Am. Compl. at 4, the Supreme Court has said that "where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 274, (1994) (plurality) (quoting *Graham v. Connor*, 490 U.S. 386, 395, (1989)). When a plaintiff asserts the right to be free from arrest and prosecution without probable cause, "substantive due process, with its 'scarce and open-ended'

'guideposts,' can afford him no relief." *Id.* at 275 (plurality) (internal citation omitted). The Ninth Circuit in *Awabdy* confirmed that "[t]he principle that *Albright* establishes is that no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause." *Awabdy*, 368 F.3d at 1069 (citing *Albright*, 510 U.S. at 268, 271 (plurality) (further citations omitted)). Thus, Plaintiff's § 1983 claim based on deprivation of his Fourteenth Amendment rights to substantive due process is not cognizable. *See Hazlett v. Dean*, No. CIV 2:12–01782 WBS DAD, 2013 WL 1749924, at *2 (E.D. Cal. Apr. 23, 2013); *Chaffee v. Chiu*, No. C–11–05118–YGR, 2012 WL 1110012, at *6 (N.D. Cal. Apr. 2, 2012) (dismissing "generalized substantive due process claims under the Fourteenth Amendment" where the First and Fourth Amendments were "explicit textual sources of constitutional protection in this action").

### 6. Municipal Liability

Under longstanding Supreme Court authority, a municipality cannot be held liable under § 1983 simply because it employs an individual accused of, or who has engaged in, illegal or unconstitutional conduct. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that "[a] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory"); *see also Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) ("[I]t is not enough [under Monell] for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."). Because there is no respondeat superior liability under § 1983, counties and municipalities may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. *See Monell*, 436 U.S. at 691. "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." *Ortez v. Washington Cty., State of Or.*, 88 F.3d 804, 811 (9th Cir. 1996) (citation and quotations omitted) (alteration in original). "[L]ocal governments, like any other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official

decisionmaking channels." *Monell*, 436 U.S. at 690–91. A local governmental entity may also "be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 123 (1992). "In particular . . . the inadequate training of police officers could be characterized as the cause of the constitutional tort if—and only if—the failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police come into contact." *Id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

Plaintiff's First Amended Complaint alleges that Defendant City of Tulare is liable under § 1983 because it "failed to hold [Defendant Colegio] accountable" and "failed to train [Defendant] Officer J. Colegio in proper administration of law enforcement techniques and protection of its citizens." (First Am. Compl. at 2.) Plaintiff alleges further that Defendant City of Tulare "is responsible for the deprivation of Plaintiff's rights" because it "failed to adequately train [Defendant Colegio]" and for "maintaining unconstitutional customs, practices, or policies."

The allegation of a cognizable claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–56. No factual allegations in Plaintiff's First Amended Complaint support the conclusory allegations that Defendant City of Tulare had "unconstitutional customs, practices, or policies." A conclusory allegation regarding the existence of a policy or custom unsupported by factual allegations is insufficient to state a *Monell* claim.[2] *See Save CCSF Coalition v. Lim*, No. 14–cv–05286–SI, 2015 WL 3409260, at *13 (N.D. Cal. May 27, 2015) (unspecific allegation regarding municipal defendant's use of force policy insufficient to identify a relevant policy or custom under *Monell*); *Telles v. City of Waterford*, No. 1:10–cv–00982–AWI–SKO, 2010 WL 5314360, at *4 (E.D. Cal. Dec. 20, 2010) (to sufficiently state a claim under *Monell*, a plaintiff must allege facts establishing a policy or establishing a lack of training; it is not enough simply to state that there is a policy or allege a lack of training or supervision); *Jenkins v. Humboldt Cty.*, H.C.C.F., No. C 09-5899 PJH, 2010 WL 1267113, at *3 (N.D. Cal. Mar. 29, 2010) (same); *Smith v. Cty. of Stanislaus*, No. 1:11–

---

[2] The Court's prior screening order advised Plaintiff that, in re-pleading his municipal liability claim against Defendant City of Tulare, he "be careful to allege the specific policy, custom or practices that he contends give rise to liability." (Doc. 56 at 8.)

10

cv–01655–LJO–SKO, 2012 WL 253241, at *3 (E.D. Cal. Jan. 26, 2012) (same). Plaintiff has not alleged any facts explaining, for example, how Defendant City of Tulare's policy or custom was deficient, how it caused the alleged harm, and how the infirmity of the custom or policy was so obvious that policymakers were on notice that the constitutional injury was likely to occur. *See Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1157 n.8 (9th Cir. 2014); *Starr*, 652 F.3d at 1207–08, 1216–17. Plaintiff's generic allegations are therefore insufficient to sustain a claim against Defendant City of Tulare under *Monell* for an unconstitutional policy, practice, or custom.

Nor has Plaintiff stated a cognizable claim against Defendant City of Tulare for failure to train Defendant Colegio. "A municipality's culpability for deprivation of rights is at its most tenuous where the claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To prove deliberate indifference, a complaint must prove that a municipal actor disregarded a known or obvious consequence of his or her actions. *Bryan Cty.*, 520 U.S. at 410. When municipal policymakers are on actual or constructive notice that an omission in their training program causes employees to violate citizens' constitutional rights, the municipality is deliberately indifferent if it fails to act to correct the omission. *Id.* Failure to act in light of notice that its training program results in constitutional violations "is the functional equivalent of a decision by the city itself to violate the Constitution." *Canton*, 489 U.S. at 395.

The standard is an exacting one. Applying a less demanding standard in failure-to-train cases would circumvent the rule against *respondeat superior* liability of municipalities. *Id.* at 392. "[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by [the relevant] officials." *Penbauer v. City of Cincinnati*, 475 U.S. 469, 483 (1986). To state a cognizable claim, a plaintiff must allege specific facts supporting the conclusion that the municipal entity had actual or constructive notice that their training program (or lack thereof) resulted in their employees' violating citizens' federal constitutional rights and that the municipality made a deliberate choice to train (or not to train) its employees as a deliberate decision drawn from its consideration of various alternatives.

//

11

In the face of these very stringent requirements, Plaintiff's First Amended Complaint alleges nothing more than a completely unsupported legal conclusion that Defendant City of Tulare failed to properly train Defendant Colegio "in proper administration of law enforcement techniques and protection of its citizens." Moreover, Plaintiff's First Amended Complaint fails to allege sufficient facts to support a finding that Defendant City of Tulare was deliberately indifferent because it does not allege any prior similar incidents. *See Connick*, 563 U.S. at 63–64. "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train,' though there exists a 'narrow range of circumstances [in which] a pattern of similar violations might not be necessary to show deliberate indifference.'" *Flores*, 758 F.3d at 1159 (quoting *Connick*, 563 U.S. at 62–63). In this "narrow range of circumstances," a single incident may suffice to establish deliberate indifference where the violation of constitutional rights is a "highly predictable consequence" of a failure to train because that failure to train is "so patently obvious." *Connick*, 563 U.S. at 63–64 (discussing *Canton*, 489 U.S. 378). In *Connick*, the Court concluded that failure to train liability could not be imposed upon a district attorney's office based upon a single Brady violation, concluding that "[t]hat sort of nuance [in training] simply cannot support an inference of deliberate indifference." *Id.* at 67. Here, Plaintiff has not alleged facts showing a pre-existing pattern of constitutional violations stemming from the alleged failure to train Defendant Colegio in "law enforcement techniques and protection of its citizens." Plaintiff also has not alleged that the unconstitutional consequences of failing to train Defendant Colegio were "patently obvious" such that liability could be predicated.

In sum, Plaintiff's conclusory pleading, unsupported by factual allegations, is insufficient to state a claim for liability under § 1983 against Defendant City of Tulare. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

### 7. **State Law Claim for Negligence**

Under the Government Claims Act ("GCA")[3], set forth in California Government Code

---

[3] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

12

sections 810 *et seq.*, a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. Cal.*, 33 Cal. App. 4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Sup. Ct.*, 12 Cal. 3d 447, 455, (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Sup. Ct. (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Compliance must be affirmatively alleged, and compliance with the prison's inmate appeals process does not suffice to exhaust state law tort claims. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *Bodde*, 32 Cal.4th at 1239. Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Bodde*, 32 Cal.4th at 1239 (fn. omitted).

Federal courts likewise must require compliance with the GCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988); *Butler v. Los Angeles Cty.*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

Here, Plaintiff's First Amended Complaint fails to state any allegations which show he complied with the GCA so as to be able to pursue claims for negligence under California law in this action.

//

//

## IV. CONCLUSION

Plaintiff is given the choice to file a second amended complaint, or to proceed on the excessive force and unreasonable search and seizure claims found cognizable against Defendant Jose Colegio, and dismiss all other claims and Defendant City of Tulare. Plaintiff must either notify the Court of his decision to proceed on these cognizable claims, or file a second amended complaint within **twenty-one (21) days** of the service of this order. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **twenty-one (21) days** from the date of service of this order. In view of Plaintiff being granted leave to file a second amended complaint if he so elects, Defendant City of Tulare's Motion to Dismiss (Doc. 58) will be denied as moot, subject to being renewed if appropriate.

If Plaintiff chooses to file a second amended complaint, he must demonstrate how the acts complained of have resulted in a violation of Plaintiff's constitutional rights, as set forth more fully above. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A second amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.,* 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Finally, the Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in a

second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Defendant City of Tulare's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 58) is denied as moot;

2. Plaintiff's First Amended Complaint is dismissed, with leave to amend;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **twenty-one (21) days** from the date of service of this order, Plaintiff must either:

    a. file a second amended complaint curing the deficiencies identified by the Court in this order, or

    b. notify the Court in writing that he does not wish to file a second amended complaint and wishes to proceed only on the excessive force and unreasonable search and seizure claims against Defendant Jose Colegio as identified by the Court as viable/cognizable in this order, dismissing all other claims and Defendant City of Tulare (erroneously named as "Tulare Police Department"); and

5. **If Plaintiff fails to comply with this order, he will be allowed to proceed only on the claims found cognizable herein and all other claims and defendants will be recommended to the assigned district judge for dismissal with prejudice**.

IT IS SO ORDERED.

Dated: **November 14, 2017**              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE