# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSE COLEGIO,<br><br>    Defendant.       / | **Case No. 1:16-cv-0336-DAD-SKO**<br><br>**ORDER SETTING MANDATORY SCHEDULING CONFERENCE**<br><br>**DATE: September 4, 2018**<br>**TIME: 2:00 PM** |

Rule 16 of the Federal Rules of Civil Procedure requires the Court to enter a Scheduling Conference Order within 90 days of the date of the Complaint being served upon the defendant. Accordingly, the Court hereby **SETS a telephonic Scheduling Conference for September 4, 2018, at 2:00 PM before Magistrate Judge Sheila K. Oberto.** The Court **DIRECTS defense counsel to arrange with Plaintiff for the parties' participation in said conference, with a one-line conference call to be placed to chambers at (559) 499-5790.**

A Joint Scheduling Report, carefully prepared and executed by all counsel/pro se parties, shall be electronically filed in CM/ECF, one (1) full week prior to the Scheduling Conference, and shall be e−mailed, in Word format, to **skoorders@caed.uscourts.gov.** For reference purposes, the Court requires that the Joint Scheduling Report indicate the date, time, and courtroom of the Scheduling Conference. This information is to be placed opposite the caption on the first page of the Report. The Joint Scheduling Report shall respond to the following items by corresponding numbered paragraphs:

    1.    Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2. Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the Joint Scheduling Report. If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a motion to amend in accordance with the Rules of Practice of the Eastern District of California.

3. A proposed deadline for amendments to pleadings.

4. A summary detailing the uncontested and contested facts.

5. A summary of the legal issues as to which there is no dispute, e.g., jurisdiction, venue, applicable federal or state law, etc., as well as a summary of the disputed legal issues.

6. The status of all matters which are presently set before the Court, e.g., hearing all motions, etc.

7. A complete and detailed discovery plan addressing the following:

   a) A date for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1), or a statement that disclosures have already been exchanged;

   b) A firm cut-off date for non-expert discovery;

   c) A firm date(s) for disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2);

   d) A firm cut-off date for expert witness discovery;

   e) Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B) or (C); 30(d); or 33(a);

   f) Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;

   g) Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;

   h) Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery; and

   i) Whether any party anticipates video and/or sound recording of depositions.

8. Discovery relating to Electronic, Digital and/or Magnetic data. Prior to a Fed. R. Civ.

1 P. 26(f) conference, counsel should carefully investigate their client's information management
2 system so that they are knowledgeable as to its operation, including how information is stored and
3 how it can be retrieved. Likewise, counsel shall reasonably review the client's computer files to
4 ascertain the contents thereof, including archival and legacy data (outdated formats or media), and
5 disclose in initial discovery (self-executing routine discovery) the computer based evidence which
6 may be used to support claims or defenses.

      a) Duty to Notify. A party seeking discovery of computer-based information shall notify the opposing party immediately, but no later than the date set for the Fed. R. Civ. P. 26(f) conference, and identify as clearly as possible the categories of information which may be sought currently. This does not foreclose an application to amend for items which later may be sought.

      b) Duty to Meet and Confer. The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference:

          i. Computer-based information (in general). The parties shall attempt to agree on steps they will take to accusations of spoliation;

          ii. E−mail information. The parties shall attempt to agree as to the scope of e-mail discovery and attempt to agree upon an e-mail search protocol. This should include an agreement regarding inadvertent production of privileged e−mail messages'

          iii. Deleted information. The parties shall confer and attempt to agree whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and

          iv. Back-up data. The parties shall attempt to agree whether or not back−up data may be necessary, the extent to which backup data is needed and who will bear the cost of obtaining back-up data.

The Joint Scheduling Report Shall summarize the parties conference relating to discovery of electronic data.

9. Dates agreed to by all parties for:

    a) Filing non-dispositive[1] and dispositive[2] pre-trial motions with the understanding that motions (except motions in limine or other trial motions) will not be entertained after the agreed upon date. (No later than 10 weeks prior to the proposed Pre-Trial Conference date.)

    b) Pre-Trial Conference date. (No later than 45 days prior to the proposed trial date.)

    c) Trial date.

All of these dates should be considered firm dates. Dates should be set to allow the court to decide any matters under submission before the Pre-Trial Conference is set.

10. At the conference referred to above, the parties are encouraged to discuss settlement, and the court will expect a statement in the Joint Scheduling Report as to the possibility of settlement. The parties shall indicate when they feel a settlement conference is desired, e.g., before further discovery, after discovery, after pre-trial motions, etc. **The parties shall also specify in the Joint Scheduling Report whether they will stipulate to the assigned Magistrate Judge acting as settlement judge and waive any disqualification by virtue thereof**. *See* Rule 270(b) of the Local Rules of the United States District Court, Eastern District of California.

11. A statement as to whether the case is a jury or non-jury case. If the parties disagree as to whether a jury trial has been timely demanded or whether one is available on some or all of the claims, the statement shall include a summary of each party's position.

12. An estimate of the number of trial days required. When the parties cannot agree, each party shall give his or her best estimate. In estimating the number of trial days the parties should keep in mind that this court is normally able to devote the entire day to trial.

13. Because the District Judges' dockets are extremely crowded dockets the parties should consider and address the issue of whether they are willing to consent to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. section 636(c). All non-dispositive motions are

---

[1] Motions to compel discovery, amend, remand, etc.
[2] Motions for summary adjudication or to dismiss, strike, etc.

routinely heard by the Magistrate Judge whether or not the parties consent.

14. Whether either party requests bifurcation or phasing of trial, or any other suggestion for shortening or expediting discovery, pre-trial motions or trial.

15. Whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court.

16. Joint Scheduling Reports are to be e−mailed, in Word format, to **skoorders@caed.uscourts.gov.**

**SHOULD COUNSEL OR A PARTY APPEARING PRO SE FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN EX PARTE HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, INCLUDING SANCTIONS AND CONTEMPT OF COURT.**

IT IS SO ORDERED.

Dated: **June 15, 2018** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE