# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOSE COLEGIO,<br><br>　　　　Defendant.<br>_____/ | Case No. 1:16-cv-00336-SKO<br><br>**ORDER ON PLAINTIFF'S "MOTION TO COMPEL SANCTIONS, SPOLIATION, AND EVIDENCE"**<br><br>(Doc. 105) |

On February 27, 2019, the Court conducted a hearing on Plaintiff Randy Langley's "Motion to Compel Sanctions, Spoliation, and Evidence" (the "Motion"), which seeks sanctions as a result of alleged spoliation of evidence. (Doc. 105.) Plaintiff Randy Langley ("Plaintiff") appeared telephonically on his own behalf. Defendant Jose Colegio ("Defendant") appeared telephonically through his counsel John Lavra, Esq.

The Court has made the following findings and rulings on the record with respect to the Motion:

1.　　Given the inconsistencies in the record regarding the existence of any video recordings of the incident that occurred on March 25, 2015, that is the subject matter of this lawsuit (the "Incident") (*see* Doc. 55 at 4; Doc. 55-1 ¶ 12; Doc. 108 at 12, 14), additional evidence is needed to support Defendant's certification made on December 20, 2018 (*see* Doc. 107-1), that no video recording of the Incident exists or ever existed. *See* Fed. R. Civ. P. 11(b). Defendant is hereby ORDERED, by no later than March 11, 2019, to supplement his opposition to the Motion with a sworn declaration, made under penalty of perjury, by a current representative of Tulare Police

Department with personal knowledge that "there is no video from Officer Colegio's patrol car or body camera" of the Incident, and "none has ever existed, as the Tulare Police Department did not provide or have video cameras equipped on patrol cars or worn by officers on that date." (*See* Doc. 107 at 3.)

2. Plaintiff's timely-filed Motion (Doc. 105) is hereby DENIED. Defendant complied with the Court's December 5, 2018 Order by certifying in writing that no video of the Incident currently exists and that it never existed. Based on the record before the Court, it cannot at this time conclude that Defendant destroyed or failed to preserve evidence in this case. *See Olney v. Job.com*, No. 1:12-cv-01724-LJO-SKO, 2014 WL 5430350, at *10 (E.D. Cal. Oct. 24, 2014) (Spoliation results from "the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.") (quoting *West v. Goodyear Tire &* Rubber *Co*., 167 F.3d 776, 779 (2d Cir. 1999)).

3. The denial of the Motion is WITHOUT PREJUDICE, subject to being RENEWED if Plaintiff is able to adduce evidence demonstrating that: (1) video recording(s) of the Incident existed after the duty to preserve the recording(s) arose, and (2) Defendant or Tulare Police Department destroyed or failed to preserve that recording(s). *See id*. at *10 (citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)).

IT IS SO ORDERED.

Dated: **February 27, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE