# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE COLEGIO,<br><br><br>　　　　　　Defendant.<br>_____/ | Case No. 1:16-cv-00336-SKO<br><br>**ORDER ON PLAINTIFF'S MOTION<br>FOR EXTENSION OF TIME**<br><br>(Doc. 112) |

Plaintiff, Randy Langley, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On March 20, 2019, Plaintiff filed a motion to extend the time to file a dispositive motion so he may meet and confer with opposing counsel prior to filing the motion, as required by the Court's Scheduling Order (the "Motion"). (Doc. 112.)

Pursuant to Rule 16(b)(3) of the Federal Rules of Civil Procedure, the Court must enter scheduling orders to establish deadlines for, among other things, the filing of motions. Fed. R. Civ. P. 16(b)(1)–(3). A schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).

Scheduling orders "are the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems, *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992). A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals

explained:

> Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief . . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end.

The Scheduling Order for this case issued on September 10, 2018, and set <u>February 6, 2019</u>, as the deadline for the filing of dispositive motions. (Doc. 94.)  Plaintiff's Motion does not address, much less explain, why he could not meet and confer with opposing counsel and file a dispositive motion by the February 6, 2019 deadline, despite being diligent.  The Motion therefore does not establish "good cause" to modify the Scheduling Order to enlarge the time to file a dispositive motion.  *See Johnson*, 975 F.2d at 609; Fed. R. Civ. P. 16(b)(4).

Accordingly, Plaintiff's Motion (Doc. 112) is hereby DENIED.  The Court's denial of the Motion is without prejudice to being renewed upon a showing of "good cause" under Rule 16(b)(4).

IT IS SO ORDERED.

Dated:   __**March 25, 2019**__                              __/s/ *Sheila K. Oberto*__
                                                                       UNITED STATES MAGISTRATE JUDGE