# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY, | Case No. 1:16-cv-00336-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S "MOTION FOR REVIEW"** |
| v. | |
| | (Doc. 114) |
| JOSE COLEGIO, | |
| Defendant. | |

## I. BACKGROUND

Plaintiff, Randy Langley, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On January 22, 2019, Plaintiff filed a motion seeking sanctions as a result of alleged spoliation of evidence. (Doc. 105.) The Court denied Plaintiff's motion without prejudice on February 27, 2019, but ordered Defendant Jose Colegio to file a sworn declaration, made under penalty of perjury, by a current representative of Tulare Police Department with personal knowledge that "there is no video from Officer Colegio's patrol car or body camera" of the incident that occurred on March 25, 2015 that is the subject matter of this lawsuit, and "none has ever existed, as the Tulare Police Department did not provide or have video cameras equipped on patrol cars or worn by officers on that date." (Doc. 110.) On March 8, 2019, Defendant and Tulare Police Department each filed declarations to that effect. (Doc. 111.)

Plaintiff filed the present "Motion for Review" on March 28, 2019, in "opposition" to the sworn declarations filed by Defendant and Tulare Police Department. (Doc. 114.) Plaintiff attaches to his motion a provision of the California Fish and Game Code, section 856.5, titled "Patrol vehicle

mounted video and audio systems; Use; Standards; Recording retention policy; Access to recording."

## II.     LEGAL STANDARD

Although Plaintiff does not request any relief in his "Motion for Review," the Court construes it as a motion for reconsideration of the Court's February 27, 2019 order denying his motion for sanctions. (Doc. 114.)

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id*. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . ." of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III.     DISCUSSION

The Court denied Plaintiff's motion for sanctions because it could not, on the record before it, conclude that Defendant destroyed or failed to preserve video recordings of the incident at issue.

(Doc. 110.) Here, Plaintiff appears to assert that section 856.5 of the California Fish & Game Code necessitates that the Court revisit its decision. Section 856.5, however, does not appear to apply to Defendant, as he is not peace officer employed by the California Department of Fish and Wildlife. *See* Cal. Fish & G. Code §§ 856, 856.5. Even if section 856.5 were to apply to Defendant, it does not *require* the use of mounted video and audio systems in patrol cars, as Plaintiff seems to suggest. Instead, section 856.5 provides that such dashboard cameras "may" be installed and "may" be used in patrol cars. Cal. Fish & G. Code § 856.5(a).

**IV. CONCLUSION AND ORDER**

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. Therefore, Plaintiff's "Motion for Relief" seeking reconsideration of the Court's February 27, 2019 order denying his motion for sanctions (Doc. 114) is hereby DENIED.

IT IS SO ORDERED.

Dated: __**April 5, 2019**__                                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE