**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY, | Case No. 1:16-cv-00336-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S RENEWED MOTION TO APPOINT COUNSEL** |
| v. | |
| JOSE COLEGIO, | (Doc. 127) |
| Defendant. | |

_____/

## I.     INTRODUCTION

Plaintiff, Randy Langley, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  On February 21, 2017, Plaintiff filed a motion for appointment of counsel on grounds that he is unable to afford counsel, his incarcerated status will "limit his ability to litigate," as he has "limited access to the law library and limited knowledge of the law," and that counsel would "better enable [P]laintiff to present evidence and cross examine witnesses."  (Doc. 41.)  The Court determined that it could not "adequately assess the complexity of [P]laintiff's case . . . in order to determine whether exceptional circumstances exist" to justify the appointment of counsel and denied the motion without prejudice to its renewal at a later stage of this litigation.  (Doc. 45.)

On July 23, 2019, Plaintiff filed the present motion for appointment of counsel, which the Court construes as a renewal of his previous motion.  (*See* Doc. 127.)  The bases for Plaintiff's renewed motion are the same as set forth in his previous motion.  (*Compare* Doc. 127 *with* Doc. 41.)

## II.  DISCUSSION

As set forth in the Court's prior order (Doc. 45), the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  *Id.*

"Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."  *Jones v. Kuppinger*, No. 2:13-CV-0451 WBS AC, 2015 WL 5522290, at *3 (E.D. Cal. Sept. 17, 2015).  Thus, so long as a *pro se* litigant, is able to "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist.  *Palmer*, 560 F.3d at 970.

Here, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well-versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Based on a review of the record in this case, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Further, the Court does not find that Plaintiff cannot adequately articulate his claims.

While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status, the test is not whether Plaintiff would *benefit* from the appointment of counsel.  *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case.").  The test is whether exceptional circumstances exist and here, they do not;

the record in this case demonstrates that Plaintiff is capable of articulating his claims and responding to Court orders.

### III.      ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's renewed motion for appointment of counsel (Doc. 127) is DENIED.

IT IS SO ORDERED.

Dated:    **July 26, 2019**                                    /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

3